# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | | |
|---|---|---|---|
| In re: | ) | Chapter: | 11 |
| | ) | | |
| | ) | Case No. | 18 B 14974 |
| Barcord, Inc., | ) | | |
| | ) | Judge: | Hon. Carol A. Doyle |
| | ) | | |
| Debtor. | ) | | |

## NOTICE OF MOTION

TO:   See attached Service List

Please take notice that on **May 31, 2018** at **10:00 a.m.**, Joshua D. Greene of the firm of Springer Brown, LLC shall appear before the Honorable **Judge Carol A. Doyle**, or any judge sitting in her place and stead, in **Courtroom No. 742** in the United States Bankruptcy Court, for the Northern District of Illinois, Eastern Division, located at **2l9 South Dearborn, Chicago, Illinois**, and present ***Debtor's Motion for Interim and Final Orders (A) Authorizing Debtor to Use Cash Collateral and Other Collateral and Granting Adequate Protection Pursuant to Sections 361, 362 and 363 of the Bankruptcy Code, and (B) to Schedule a Final Hearing***, a copy of which is hereby served upon you.

Joshua D. Greene
Springer Brown, LLC
300 South County Farm Rd., Suite I
Wheaton, IL 60187
630-510-0000
jgreene@springerbrown.com

## CERTIFICATE OF SERVICE

I, the undersigned, an attorney, hereby state that pursuant to the Administrative Procedures for the Case Management/Electronic Case Filing System, I caused a copy of the foregoing NOTICE OF MOTION and MOTION to be served on all persons set forth on the attached Service List identified as Registrants through the Court's Electronic Notice for Registrants and, as to all other persons on the attached Service List by mailing a copy of same in an envelope properly addressed and with postage fully prepaid and by depositing same in the U.S. Mail on May 24, 2018

/s/ Joshua D. Greene /s/

<u>SERVICE LIST</u>

*Via Electronic Service*

Unites States Trustee
Patrick S. Layng
219 South Dearborn St.
Suite 873
Chicago, Illinois 60604

*Via United States Mail*

VSD3, LLC
c/o Lathrop Gage, LLP
Andrew Schulkin
155 North Wacker
30th Floor
Chicago, IL 60606

VSD3, LLC
c/o National Registered Agents, Inc.
Registered Agent
160 Greentree Drive
Suite 101
Dover, DE 19904

Barcord, Inc.
7301 West 25th St.
Riverside, IL 60546

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | | |
|---|---|---|---|
| In re: | ) | Chapter: | 11 |
| | ) | | |
| | ) | Case No. | 18 B 14974 |
| Barcord, Inc., | ) | | |
| | ) | Judge: | Hon. Carol A. Doyle |
| | ) | | |
| Debtor. | ) | | |

**DEBTOR'S MOTION FOR INTERIM AND FINAL ORDERS (A) AUTHORIZING DEBTOR TO USE CASH COLLATERAL AND OTHER COLLATERAL AND GRANTING ADEQUATE PROTECTION PURSUANT TO SECTIONS 361, 362 AND 363 OF THE BANKRUPTCY CODE, AND (B) TO SCHEDULE A FINAL HEARING**

NOW COMES the Debtor-In-Possession, Barcord, Inc. ("Debtor"), by its undersigned counsel, Joshua D. Greene and the firm of Springer Brown, LLC, and submits this Motion for Entry of Interim and Final Orders Authorizing the Debtor to Use Cash Collateral and Granting Adequate Protection Pursuant to 11 U.S.C. §§361, 362 and 363, and to Schedule a Final Hearing (the "Motion"). In support of this Motion, the Debtor submits as follows:

**Jurisdiction and Background**

1. On May 23, 2018 (the "Petition Date"), Debtor filed a voluntary petition in this Court for reorganization under Chapter 11 of Title 11 of the United States Bankruptcy Code, 11 U.S.C. §§101 *et seq* (the "Code").

2. The Debtor continues to manage and operate its business as debtor-in-possession pursuant to Sections 1107 and 1108 of the Code. No trustee or creditor's committee has been appointed.

3. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§157 and 1334. Venue is proper pursuant to 28 U.S.C. §§1408 and 1409. This is a core proceeding pursuant to 28 U.S.C. §157(b).

4.     Debtor holds title to a commercial building located at 1648 West Kinzie St., Chicago, Illinois. Its business consists of renting units in the building to aspiring rock artists for the purpose of recording music. The building's location, community atmosphere and affordable rent is ideal for aspiring rock artists and has contributed to the Debtor's success in renting units in the building. Prior to the Petition Date, Debtor was party to an interest only, five year loan with Summitbridge Credit Investments, LLC (the "Loan"), which was transferred to VSD3, LLC. Debtor made the interest payments on the Loan, but the Loan matured by its terms after five years. VSD3, LLC subsequently instituted foreclosure proceedings in the Circuit Court of Cook County, Illinois. On April 16, 2018, the Circuit Court of Cook County, Illinois, entered an order appointing a receiver.

5.     The statutory basis for the relief requested by the Motion are 11 U.S.C. §§361, 362 and 363, Rules 2002, 4001 and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 4001-2 of the Local Rules of the United States Bankruptcy Court for the Northern District of Illinois (the "Local Rules")

6.     Prior to the Petition Date, Debtor owed certain sums of money to VSD3, LLC, which was secured by a mortgage and assignment of rents on real property located at 1648 W. Kinzie St., Chicago, Illinois. As of the Petition Date, there was and remains due and owing from the Debtor to the VSD3, LLC the total secured amount of $1,979,312.00.

7.     As of the Petition Date, VSD3, LLC holds a perfected lien on substantially all of the Debtor's pre-petition assets, primarily rents.

**Relief Requested**

8.     By this Motion, the Debtor requests (A) entry of interim and final orders authorizing the Debtor to use VSD3, LLC's cash collateral pursuant to Sections 361, 362 and 363 of the Code and any other collateral in which VSD3, LLC has an interest in (the "Prepetition

Collateral"), and provide adequate protection of VSD3, LLC's interests in the Prepetition Collateral resulting from its use; and (B) pursuant to Bankruptcy Rule 4001, schedule, within 30 days of the entry of the Interim Cash Collateral Order, a hearing (the "Final Hearing") for this Court to consider entry of a final order authorizing the use of Cash Collateral, as set forth in this Motion. The proposed interim cash collateral order to be entered ("Interim Cash Collateral Order") is attached hereto.

9. Without the use of the Cash Collateral, the Debtor does not have sufficient available working capital to finance its ongoing post-petition business operations. Debtor believes that use of its Cash Collateral will allow it to operate as a going concern, and thus maximize the value of the estate for all creditors. In the absence of immediate authorization of the use of the Cash Collateral, the Debtor could not continue to operate its business, and will incur immediate and irreparable harm to its estate. The use of such Prepetition Collateral is fair and reasonable and reflects the Debtor's exercise of prudent business judgment consistent with its fiduciary duties. Further, the Debtor believes that the proposed adequate protection payment of $10,696 per month for VSD3, LLC, including the use of Cash Collateral to pay post-petition operating expenses and post-petition liens, will preserve the value of the Debtor's estate for the benefit of VSD3, LLC and other creditors.

10. Local Rule 4001-2, which governs cash collateral motions filed within this Judicial District, requires the Debtor to highlight certain provisions contained in the Interim Cash Collateral Order, identify the location of any such provision in such order, and state the justification for the inclusion of such provision. The Debtor believes that Local Rule 4001-2 is minimally implicated by the provisions of the Interim Cash Collateral Order, but to the extent that Local Rule 4001-2 is implicated, that such provisions are justified and necessary in the context and circumstances of this case.

11. Local Rule 4001-2(A)(2)(b) provides for additional disclosure with respect to findings of fact that bind the estate or all parties in interest with respect to the validity, perfection or amount of the secured creditor's lien without giving parties in interest at least 75 days from the entry of the order and the creditors' committee, if formed, at least 60 days from the date of its formation to investigate such matters. In Sections (2) and (I) of the Interim Cash Collateral Order, Debtor acknowledges the validity of the mortgage lien of VSD3, LLC. However, the Interim Cash Collateral order provides that this provision is not binding on any future creditor's committee or trustee.

12. Local Rule 4001-2(A)(3) requires that all cash collateral motions provide a summary of all provisions that must be highlighted under Local Rule 4001-2(A)(2) and a summary of the essential terms of the proposed usage of cash collateral. Debtor asserts that it has complied with this requirement by attaching the Interim Cash Collateral Order, which contains all of the terms of the Debtor's use of Cash Collateral, including those specifically referenced in Local Rule 4001-2(A)(3).

13. Lastly, Local Rule 4001-2(A)(4) provides that all cash collateral motions must provide a budget covering the time period in which the order shall remain in effect. In satisfaction of such requirement, attached to the Motion as <u>Exhibit A</u> is a copy of the budget (the "Budget"). The Debtor shall file updated versions of the Budget with the Court as such updates become available.

## **The Court Should Allow the Debtor to Provide Adequate Protection**

14. Under Section 363(c)(2) of the Code, the Debtor may not use the Cash Collateral without the consent of the Secured Lenders or authority granted by the court. 11 U.S.C. §363(c)(2). Section 363(e) of the Bankruptcy Code provides that on request of an entity that has

an interest in property to be used by a debtor, the court shall prohibit or condition such use as is necessary to provide adequate protection of such interest. 11 U.S.C. §363(e).

15. As adequate protection for VSD3, LLC's interest in the Cash Collateral, the Debtor proposes to use the Cash Collateral solely for the purposes outlined in the Interim Cash Collateral Order. The Debtor further proposes to: (1) make adequate protection payments to VSD3, LLC in the amount of $10,696.00 per month; (2) for any diminution in value of VSD3, LLC's interests in the Cash Collateral from and after the Petition date, grant VSD3, LLC a replacement lien on all of the Debtor's assets; and (3) for any diminution in value of VSD3, LLC's interests in the Cash Collateral from and after the Petition date, grant VSD3, LLC an administrative expense claim pursuant to Section 507(b) of the Code.

16. The Debtor requests that the Court find that the foregoing adequate protection to be granted to VSD3, LLC is reasonable and sufficient to protect its interests, without prejudice to the rights of VSD3, LLC to request additional adequate protection in the future.

WHEREFORE, the Debtor prays for entry of the Proposed Cash Collateral Order and granting such other and further relief as the court deems equitable and just.

> Respectfully Submitted,
> Barcord, Inc.
>
> By: /s/ Joshua D. Greene
>     One of its attorneys

Joshua D. Greene
**Springer Brown, LLC**
300 South County Farm Rd.
Suite I
Wheaton, Illinois 60187
(630) 510-0000
Fax: (630) 510-0004
jgreene@springerbrown.com